IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARLENE BAYLOR,

    Plaintiff,

v.                                         CASE NO. 1:12-cv-259-MP-GRJ

DAVID PETRANO and,
MARY KATHERINE DAY-PETRANO,

    Defendants.
_____/

## REPORT & RECOMMENDATION

This case is before the Court on the District Judge's Order requesting a Report and Recommendation addressing the question of whether the Court has subject matter jurisdiction over this case. (Doc. 17.) For the following reasons, the undersigned finds that the Court lacks subject matter jurisdiction to hear this case, and respectfully recommends that the case be dismissed.

## BACKGROUND

This is a foreclosure action, originally filed on April 20, 2012 in Florida state court. (Doc. 1, at 81.) The Complaint contains one count for relief, identified as "Foreclosure of Mortgage." *Id.* The case was removed to federal court by Defendants on November 14, 2012. (Doc. 1.) In the Notice of Removal, Defendants asserted that the "mortgage itself arises under federal law" because the mortgage must comply with the Real Estate Settlement Procedures Act ("RESPA"), because the Americans with Disabilities Act ("ADA") "specifically governed Plaintiff's handling of proper conveyance of the property to Defendants' Special Needs Trusts," and because the property is

subject to a railroad easement. *Id.* at 5-6. Defendants also asserted that the mortgage included "Americans with Disabilities Act notice accommodations," governing how service of foreclosure documents would be made upon Defendants. *Id.* at 13.

After removing the case to federal court, Defendants filed an "Emergency Ex Parte Motion to Enjoin a State Court Proceeding," Doc. 7, in which they requested the Court to enjoin a mediation session in state court, and a motion to dismiss the foreclosure action, Doc. 8. Because counsel for Plaintiff, Ronald A. Hertel, never filed an appearance in the case nor responded to any of Defendants' motions, the Court directed him to show cause why he had not responded. (Doc. 9.) On the same day, the Court directed Defendants to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (Doc. 10.) While Plaintiff's attorney responded to the Order to Show Cause, he never entered an appearance in the case and never responded to any motions. Accordingly, for the purposes of this Report and Recommendation, Plaintiff is presumed to be proceeding *pro se*.

Defendants filed a response to the Court's Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. (Doc. 13.) The response essentially repeats the arguments made in the Notice of Removal. Defendants assert that the mortgage is governed by the Real Estate Settlement Procedures Act. They also assert that they did not receive proper notice of the foreclosure action, and that this lack of proper notice violated Title II of the Americans with Disabilities Act. Defendants appear to argue that their property was purchased through the use of a "Special Needs Trust" which was governed by the ADA. They further argue that the ADA completely preempts Florida law with respect to the foreclosure action because Defendants raise

horses and ponies on their property, and these "horses and ponies are RX medically prescribed." *Id.* at 15.

## **DISCUSSION**

As an initial matter, the undersigned notes that Defendants have filed a Suggestion of Bankruptcy. (Doc. 16.) Ordinarily, such a filing operates to stay proceedings in the case pursuant to 11 U.S.C. § 362(a), because § 362(a) stays the "continuation" of an action "against the debtor." But nothing in the plain language of the statute prevents the Court from determining, after a notice of bankruptcy has been filed, whether it has subject matter jurisdiction over a case. Federal Rule of Civil Procedure 12(h)(3) explicitly states that "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added). While Defendants' filing of bankruptcy prevents Plaintiff from taking action in this case, the Court remains free to examine its own subject matter jurisdiction.

It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally." *Whitt v. Sherman Int'l Corp.*, 147 F. 3d 1325, 1329 (11th Cir. 1998). Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It appears that both Defendants and Plaintiff are citizens of Florida, and Defendants do

not assert otherwise in the Notice of Removal. Accordingly, the only arguable basis for subject matter jurisdiction would be if the Complaint referenced a federal statute or federally created right.

"[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). This well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Further, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

Here, the Complaint contains only one claim - a simple state law claim for foreclosure of mortgage. Foreclosure is governed by state law, and Defendants have pointed to no authority whatsoever for the proposition that a foreclosure action presents a federal question. Rather, in their response to the Order to Show Cause, Defendants continue to assert that the Court has subject matter jurisdiction over the case because Defendants have presented federal defenses to the foreclosure action. The law is clear that Defendants' defenses under the ADA, RESPA, and any other federal statute do not create federal subject matter jurisdiction. *See Flagstar Bank FSB v. Pittman*, No. 1:12-CV-4326-TWT-JSA, 2012 WL 6924167, at *2 (N.D. Ga. Dec. 17, 2012) (holding that where Defendants attempted to remove a post-foreclosure dispossessory action to federal court, defenses under RESPA, the Fair Debt Collection Practices Act, and the

Truth in Lending Act did not confer jurisdiction under the well-pleaded complaint rule) (citing *Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975)).

Defendants' argument that subject matter jurisdiction can be premised on the ADA's "complete preemption" of state foreclosure law is frivolous. Defendants have pointed to absolutely no legal authority in support of this position, because it appears that none exists. Accordingly, the Court concludes that there is no basis for federal subject matter jurisdiction in this case.

Where, as here, the Court determines that it does not have subject matter jurisdiction over a removed case, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[1] This case, therefore, should be remanded to the Circuit Court for the Eighth Judicial Circuit in Alachua County, Florida. While § 1447(c) provides that the "State court may thereupon proceed with such case" following remand, it appears that the automatic stay under 11 U.S.C. § 362(a) following Defendants' filing for bankruptcy would operate to stay the proceedings in state court.

---

[1]The Court notes that the statute goes on to state that an "order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court finds that Defendants' removal of this case would ordinarily justify an award of costs and attorney's fees because the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Group*, 546 U.S. 132, 141 (2005). However, in this case no award of fees and costs is justified because despite issuing multiple show cause orders to Plaintiff's attorney in which the Court requested him to respond to pending motions, Plaintiff's attorney has taken virtually no action in this case and has not even entered an appearance. Thus, there have been no costs or attorney's fees incurred in this case by the Plaintiff as a result of the removal.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **REMANDED** to the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida and that the Clerk should be directed to send a certified copy of the order of remand to the Clerk of Court for the Eighth Judicial Circuit in and for Alachua County, Florida.

**IN CHAMBERS** at Gainesville, Florida this 22nd day of February 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**